IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ST. MARY CATHOLIC PARISH IN LITTLETON; ST. BERNADETTE CATHOLIC PARISH IN LAKEWOOD; and THE ARCHDIOCESE OF DENVER,<br><br>*Plaintiffs*,<br><br>v.<br><br>LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and<br>DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program,<br><br>*Defendants*. | Case No. 1:23-cv-2079-JLK<br><br>**REPLY IN SUPPORT OF NOTICE OF RELATED CASES** |

**REPLY IN SUPPORT OF NOTICE OF RELATED CASES**

Two cases are related if they have "common facts and claims" and "have at least one party in common." D.C.COLO.LCivR 3.2(b). Under this Court's rules, the above-captioned case is therefore related to *Darren Patterson Christian Academy v. Roy*, No. 1:23-cv-01557-DDD (D. Colo. filed June 20, 2023). Although Defendants apparently oppose reassignment, Dkt. 26, they never deny that each of these elements is met.

Both cases regard Colorado's Universal Preschool Program and allege that the same two provisions (which Plaintiffs here call the Enrollment Mandate and the Catch-all Provision) preclude the religious preschool plaintiffs in both cases from engaging in sincere religious exercise (in both cases, applying religious hiring and admission standards, including on issues of marriage and sexuality). The facts relevant to the implementation and enforcement of these two provisions, as well as their interaction with plaintiffs' (similar) sincere religious beliefs, are therefore common to both cases. Both cases also raise overlapping First Amendment claims: six of the seven claims in *St. Mary* overlap completely or in large part with claims brought in *Darren Patterson*. Finally, Defendants in both cases are identical and are even represented by some of the same attorneys in the Colorado Attorney General's Office. Under Local Rule 3.2(b), the cases are thus related and reassignment would conserve judicial resources.

Resisting, Defendants claim the cases are "distinguishable." But the minor differences Defendants point to—like plaintiffs' different religious affiliations and the different number of students enrolled in plaintiffs' preschool programs—only underline how the legal issues and the truly *relevant* facts are closely related. The rule requires

only that cases "have common facts and claims"—as these undisputedly do—not that *every* fact and claim (no matter how tangential) be identical.

In addition, assigning the cases to the same judicial officer would help ensure that the issues in both cases are not litigated piecemeal. In *Darren Patterson*, Judge Domenico has set a preliminary injunction hearing for October 5. Dkt. 32. Plaintiffs in this case anticipate also seeking preliminary injunctive relief. Assigning both cases to the same judicial officer would ensure consistent treatment of the parallel preliminary injunction motions. By contrast, having one judicial officer decide the preliminary injunction issue in *Darren Patterson* and one decide the anticipated preliminary injunction issue in this case would create the possibility that inconsistent orders would be issued regarding the same government program and the same governmental defendants.

This Court should assign the cases to the same judicial officer.

Dated: August 25, 2023          Respectfully submitted,

/s/ Eric C. Rassbach
Eric C. Rassbach
Mark L. Rienzi
Joseph C. Davis
Nicholas R. Reaves
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
erassbach@becketlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on all parties via CM/ECF and as required by the relevant federal and local rules.

Dated: August 25, 2023 /s/ Eric C. Rassbach
Eric C. Rassbach