IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02079-JLK

ST. MARY CATHOLIC PARISH IN LITTLETON;
ST. BERNADETTE CATHOLIC PARISH IN LAKEWOOD;
DANIEL SHELEY;
LISA SHELEY; and
THE ARCHDIOCESE OF DENVER,

    Plaintiffs,

v.

LISA ROY, in her official capacity as Executive Director
of the Colorado Department of Early Childhood; and
DAWN ODEAN, in her official capacity as Director
of Colorado's Universal Preschool Program,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 39) AND MOTION FOR PROTECTIVE ORDER (ECF NO. 46)**

---

Kane, J.

    This matter is before me to determine whether to stay discovery during the pendency of a Motion to Dismiss this case (ECF No. 38). I have already indicated expeditious treatment is warranted in this case, which involves a challenge to Colorado's universal preschool program by the Archdiocese of Denver, two Catholic parishes that operate schools, and two Catholic parents. Because Defendants have already agreed to—and indeed expressly advocated for—robust discovery, I deny the Motion to Stay Discovery (ECF No. 39).

    As with most matters of courtroom procedure, the decision to stay discovery during a proceeding is left to the trial court's discretion. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Nevertheless, discovery stays are a departure from the norm. *McGinn v. El Paso Cnty.*, 640 F.

Supp. 3d 1070, 1074 (D. Colo. 2022) ("This District generally disfavors stays of discovery.") (quoting *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009)). There are several factors that assist me in making this determination.[1] But, principally, I rely on Defendants' own representations concerning the need for more comprehensive discovery. *See* Status Conference Tr. 11:23-24, ECF No. 37 ("[W]e would certainly want to have the most developed record that we could.")

At the Status Conference held on September 21, 2023, the parties both recognized my strong preference for immediate and limited fact-gathering, "getting off the starting blocks and getting the discovery done." *See id.* 12:20-23 Defendants' principal concern was that there would be insufficient time to create "as fully developed a record as possible" prior to ruling on a preliminary or permanent injunction. *See id.* 13:6-13. Accordingly, I see no reason to delay and depart from the agreed-upon timeline—having parties conduct some discovery and then, if as Defendants suspected, there is a need for more, permitting additional discovery following my review of the November 16, 2023 status report. *See* Order re. Initial Discovery, ECF No. 36.

---

[1] The factors generally considered include: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). I note some factors cut in favor of granting Defendants' Motion and others against doing so. Specifically, (1) I am not convinced Plaintiffs' alleged injury will manifest any earlier or more severely from the granting of a stay, (2) Defendants are only obliged to engage in limited discovery prior to December 1, 2023, (3) my docket is indeed replete with competing deadlines which the parties may struggle to otherwise plan around, (4) there are numerous schools and government agencies that could be appreciably burdened by discovery, and (5) the public's valid concern for how government resources are spent is balanced with the countervailing interest families have in being able to plan—sooner rather than later—their children's education. I take all these factors into consideration in reaching my ruling.

Therefore, Defendants' Motion to Stay Discovery (ECF No. 39) is DENIED and Defendants' Motion for Protective Order (ECF No. 46) is DENIED AS MOOT.

DATED this 30th day of October, 2023.

                                                                        _____
                                                                        JOHN L. KANE
                                                                        SENIOR U.S. DISTRICT JUDGE