# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ST. MARY CATHOLIC PARISH IN LITTLETON; ST. BERNADETTE CATHOLIC PARISH IN LAKEWOOD; DANIEL SHELEY; LISA SHELEY; and THE ARCHDIOCESE OF DENVER,<br><br>*Plaintiffs*,<br><br>v.<br><br>LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program,<br><br>*Defendants*. | Case No. 1:23-cv-2079-JLK<br><br>**DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendant Lisa Roy, in her official capacity as Executive Director of the Colorado Department of Early Childhood ("Department"); and Dawn Odean, in her official capacity as Director of Colorado's Universal Preschool Program (collectively, the "Defendants"), submit these responses to Plaintiffs' First Set of Interrogatories:

## GENERAL OBJECTIONS

1.  The Defendants objects to the Interrogatories to the extent that they seek information subject to the attorney-client, work-product or other legally recognizable privilege. In response to these Requests, the Defendants do not waive, but preserve, all such privileges. Any privileged information requested was not provided in these responses.

1

2.	The Defendants objects to the Interrogatories to the extent they seek documents or information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.	The Defendants object to the Interrogatories to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

4.	The Defendants object to the Interrogatories to the extent they purport to require them to provide information not within the Defendants' possession, custody, or control or already within any of the Plaintiffs' possession, custody, or control.

5.	The Defendants reserve the right to supplement or amend their objections and responses to the Interrogatories at any time prior to the hearing in accordance with applicable procedures.

6.	All answers or other responses set forth below are subject to, and without waiver of any of the foregoing general objections, the other more specific objections set forth below.  The Defendants will not in every instance repeat or specifically incorporate these objections although they are intended to apply throughout.  The Defendants incorporate their General Objections and Reservations of Rights in each response as if fully set forth therein and responds as follows.

## INTERROGATORIES

1.	Identify the statutory authority, if any, that Defendants believe to authorize the Catch-all Provision.

ANSWER:  The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege.  In response, the Department does not waive, but preserves, all such privileges.  Any privileged information requested was not

provided in this response. Further, the Defendants are not legal experts. Without waiving any objections, the Defendants respond: Colo. Rev. Stat. §§ 26.5-1-104; 26.5-1-106; 26.5-1-109; 24-1-110(1)(y) and 24-1-120.5.

2. Identify the statutory authority, if any, that Defendants believe to authorize the "exception criteria" identified in the UPK Colorado Provider Guide, *see* Exhibit D at 38 to Plaintiffs' Amended Complaint.

ANSWER: The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Further, the Defendants are not legal experts. Without waiving any objections, the Defendants respond: Colo. Rev. Stat. §§ 26.5-1-105; 26.5-4-204.

3. For purposes of the Congregation Exception, explain Defendants' understanding of what it means for a family to be part of a faith-based preschool provider's "congregation."

ANSWER: The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Further, the Defendants object to this Interrogatory as it is vague as the Defendants do not have an understanding about what it means for a family to be part of each individual faith-based provider's congregation. This is why the Department is currently in the process of rulemaking to help define the scope of what congregation means in the context of the congregation preference. Without waiving any objections, the Defendants respond that the Department is currently

3

gathering public comment and stakeholder feedback as part of its rulemaking process, which will include defining the term "congregation" in rule for the 2024-2025 school year. The most recent definition of "congregation" the Department is submitting to stakeholders means a religious-based convocation, or multiple religious-based convocations, of individuals in a particular geographic area who share a common set of beliefs and who collectively engage in conduct with a direct nexus to that shared common set of beliefs. This definition may change based on public comment and the recommendations of the Rules Advisory Council prior to final adoption of the rule.

4. Identify each of the current UPK Program providers that Defendants understand to be faith-based.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Without waiving any objections, the Defendants respond that they understand the following UPK Providers to be faith-based providers:

Restoration Christian Academy
Centennial Christian Learning Center
Miss Sarah's Schoolhouse
Little Lambs Preschool
Darren Patterson Christian Academy Preschool
Legacy Preschool
Ganeinu
Heaven's Little Steps Day Care
Summit Early Education Center
Landmark Christian Preschool
St Luke's Little School
Trinity Lutheran Church (tlc) Preschool
First Light Nature Preschool
Garden Preschool of Lone Tree

4

The Garden Preschool & Early Learning Center

Sonshine Prs / Greeley First Assembly Of God

Trinity Lutheran Preschool

Shepherd of the Hills Lutheran Preschool

Lord of Life Preschool

Sunrise Preschool

Young Tracks Inc

Apple Tree Christian Preschool & Kindergarten

Cherry Creek Presbyterian Preschool

Great Escape Littleton United Meth

W.c.r.j. Preschool

Christ Lutheran Early Childhood Center

Eastern Hills Community Church Preschool

The Vail Child Development Center

Partners In Play Preschool

Christ Lutheran Church Preschool

Cornerstone Classical Preschool

Little Explorers Preschool

Sonshine Patch Preschool

Little Lambs, Trinity Early Learning Center

Faith Steps Christian Preschool

Pepc Early Learning Center

Trinity Lutheran Preschool/Day Care

St Philip Early Learning Center

Ashleigh Jorun Scholten

Hope Parent's Day Out And Preschool

5. For UPK Program providers identified in No. 4, describe the criteria employed by Defendants to determine that these providers are faith-based.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. The Defendants further objects to this request as it is vague as the Defendants do not

know what Plaintiffs mean by "criteria". Without waiving any objections, the Defendants respond that the Department does not currently have "criteria" to determine whether providers are faith-based providers. Providers are given an opportunity as part of the UPK provider registration process to indicate that they are a faith-based provider. If a provider indicates that they are a faith-based provider, the Defendants accept that provider designated themselves as "faith-based" in good faith. Those providers identified in Interrogatory No. 4 are those providers that indicated that they are faith-based providers.

6.   Identify what legal authority Defendants relied on in creating the Congregation Exception.

ANSWER:  The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege.  In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Further, the Defendants are not legal experts. Without waiving any objections, the Defendants respond: Colo. Rev. Stat. §§ 26.5-1-105(1)(b); 26.5-4-202; 26.5-4-204.

7.   Identify the number of UPK Program providers which have listed or selected at least one of the "exception criteria" (as identified in the UPK Colorado Provider Guide, *see* Exhibit D at 38 to Plaintiffs' Amended Complaint) in their provider application.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Without waiving any objections, the Defendants respond that 1,091 UPK Providers listed at least one of the preferences listed on Exhibit D at 38 to Plaintiffs' Amended Complaint.

6

8. Identify the UPK Program providers, if any, that Defendants believe to be affiliated with the Archdiocese of Denver.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Without waiving any objections, the Defendants respond that they believe the following UPK providers are affiliated with the Archdiocese of Denver:

Child Development Head Start, Garfield Head Start, Mariposa Center, Kentucky Head Start, Margery Reed Mayo Day Nursery, and Quigg Newton.

9. Identify the number of licensed preschool providers in the State of Colorado.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. The Defendants further object to this request as it is vague in that the Department licenses child care centers and family child homes which serve children between the ages of birth through 18 years of age. These licenses often serve preschool age children ages 2 ½ through 7 years of age even if they do not have a specific preschool license. Only providers that exclusively serve children ages 2 ½ through 7 years of age have a specific preschool license. Without waiving any objections, the Defendants respond that there are 1,584 licensed child care centers, 494 licensed preschool programs and 1,413 family child care homes in Colorado that have preschool capacities as of October 11, 2023.

10. Identify any and all licensed Colorado preschool providers that Defendants understand to be faith-based.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. The Defendants further object to this request as it is vague as the Defendants do not characterize child care providers as "faith-based" or keep track of which providers identify themselves as "faith-based" outside of the UPK Program. In addition, it is unduly burdensome for the Defendants

7

to review each and every child care provider to determine whether or not that provider is considered "faith-based." Without waiving any objections, the Defendants respond that as described in response to Interrogatory #5, UPK Providers are given an opportunity as part of the UPK provider registration process to indicate that they are a faith-based provider. Those providers have been identified in response to Interrogatory #4.

11. Identify any instance in which Defendants have "allow[ed] a preschool provider that does not meet the quality standards to participate in the preschool program for a limited time while working toward compliance with the quality standards," as contemplated by Colo. Rev. Stat. § 26.5-4-205(1)(b)(II).

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Without waiving any objections, the Defendants respond that there are no instances at the time of answering.

12. Describe the reasons for Defendants' actions in each instance identified in response to Interrogatory No. 11.

ANSWER: The Defendants reiterate here that they are incorporating the above objections to this Interrogatory. Without waiving any objections, the Defendants respond that this Interrogatory is not applicable as no such instance identified in Interrogatory No. 11 has occurred.

13. Explain why Defendants have not yet begun a rulemaking with respect to the Quality Assurance Standards, as contemplated by Colo. Rev. Stat. § 26.5-4-205(1)(a).

ANSWER: The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department

does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond that Rulemaking has begun so the premise that rulemaking has not yet begun is false.

14. Identify all individuals who played a role in formulating Defendants' February 28, 2023, response to the coalition of religious schools, *see* Exhibit F to Plaintiffs' Amended Complaint, and describe their role.

ANSWER: The Defendants object to this Interrogatory to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants identify Dr. Lisa Roy and Michael Cooke.

15. Identify all persons who provided any information used in answering these interrogatories.
ANSWER: Dr. Lisa Roy, Dawn Odean, Tim Derocher, Carin Rosa, and Joshua Franklin.

## **VERIFICATION**

I verify under penalty of perjury that the foregoing answers are true and correct, to the best of my knowledge, information, and belief, based on reasonable inquiry.

<u>Dawn Odean Universal Preschool Program Director</u>
Name and Position

<u>10/30/2023</u>                                                                              <u>/s/ Dawn Odean</u>
Date                                                                                              Signature

| | |
|---|---|
| Dated: October 30, 2023 | PHILIP J. WEISER<br>Attorney General<br><br>*/s/ Virginia R. Carreno*<br>*Virginia R. Carreno,* Second Assistant Attorney General<br>*Grant T. Sullivan*, Assistant Solicitor General<br>*Ryan Lorch*, Senior Assistant Attorney General<br>*Nicole Rust*, Assistant Attorney General<br>1300 Broadway, Denver, CO 80203<br>Telephone: (720) 508-6349<br>Email: virginia.carreno@coag.gov;<br>grant.sullivan@coag.gov;<br>ryan.lorch@coag.gov; niki.rust@coag.gov<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I emailed the foregoing **DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES as** follows:

Eric C. Rassbach
Joseph C. Davis
Nicholas R. Reaves
Mark L. Rienzi
Amanda Dixon
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. N.W., Suite 400
Washington, D.C. 20006
erassbach@becketlaw.org; jdavis@becketlaw.org; nreaves@becketlaw.org; mrienzi@becketlaw.org; adixon@becketlaw.org

*Attorneys for Plaintiffs*

*s/* Ryan K. Lorch
*Ryan K. Lorch*

11