# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ST. MARY CATHOLIC PARISH IN LITTLETON; ST. BERNADETTE CATHOLIC PARISH IN LAKEWOOD; DANIEL SHELEY; LISA SHELEY; and THE ARCHDIOCESE OF DENVER,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program,<br><br>    *Defendants*. | Case No. 1:23-cv-2079-JLK<br><br>**DEFENDANTS' ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION** |

Defendant Lisa Roy, in her official capacity as Executive Director of the Colorado Department of Early Childhood ("Department"); and Dawn Odean, in her official capacity as Director of Colorado's Universal Preschool Program (collectively, the "Defendants"), submit these responses to Plaintiffs' First Set of Requests for Admissions:

**GENERAL OBJECTIONS**

1. The Defendants objects to the Request for Admissions to the extent that they seek information subject to the attorney-client, work-product or other legally recognizable privilege. In response to these Requests, the Defendants do not waive, but preserve, all such privileges. Any privileged information requested was not provided in these responses.

2. The Defendants objects to the Request for Admissions to the extent they seek documents or information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. The Defendants object to the Request for Admissions to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less

1

burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

4.      The Defendants object to the Request for Admissions to the extent they purport to require them to provide information not within the Defendants' possession, custody, or control or already within any of the Plaintiffs' possession, custody, or control.

5.      The Defendants reserve the right to supplement or amend their objections and responses to the Interrogatories at any time prior to the hearing in accordance with applicable procedures.

6.      All answers or other responses set forth below are subject to, and without waiver of any of the foregoing general objections, the other more specific objections set forth below.  The Defendants will not in every instance repeat or specifically incorporate these objections although they are intended to apply throughout.  The Defendants incorporate their General Objections and Reservations of Rights in each response as if fully set forth therein and responds as follows.

## REQUESTS FOR ADMISSION

1.      Admit that in order to participate in the UPK Program, preschool providers must sign a provider service agreement.

**ANSWER:**  The Defendants object to this Request for Admission to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege.  In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond: Admit.

2.      Admit that the document attached to Plaintiffs' Amended Complaint as Exhibit C is a true and correct copy of the 2023-24 provider service agreement.

**ANSWER:**  The Defendants object to this Request for Admission to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege.  In response, the

2

Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond: Admit.

3. Admit that in order to participate in the UPK Program, preschool providers must agree to provide eligible children an equal opportunity to enroll and receive preschool services regardless of religious affiliation, sexual orientation, or gender identity, as such characteristics and circumstances apply to the child or the child's family.

**ANSWER:** The Defendants object to this Request for Admission to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond: Admit.

4. Admit that the document attached to Plaintiffs' Amended Complaint as Exhibit D is a true and correct copy of the UPK Colorado Provider Guide.

**ANSWER:** The Defendants object to this Request for Admission to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond: Admit.

5. Admit that under the "exception criteria" identified in the UPK Colorado Provider Guide, *see* Exhibit D at 38 to Plaintiffs' Amended Complaint, participating providers who are Head Start grantees may require families to meet certain income-based qualifications to be eligible to enroll.

**ANSWER:** The Defendants object to this Request for Admission to the extent that it seeks information subject to the attorney-client, work-product or other legally recognizable privilege. In response, the

Department does not waive, but preserves, all such privileges. Any privileged information requested was not provided in this response. Without waiving any objections, the Defendants respond: State statute lists out five (5) different types of entities that can be considered a "preschool provider" in §26.5-4-203(14), C.R.S. (2023). One such entity is a Head Start Program. The Defendants do not consider this an exemption but rather, a type of preschool provider. It is up to the Head Start program to verify any income requirements the program may have under federal law.

## ALTERNATIVE INTERROGATORY

Pursuant to Federal Rule of Civil Procedure 33, if your answer to any of the foregoing requests for admission was anything other than an unqualified admission, please describe in detail the factual basis for your denial, qualified admission, objection, or other response, including the specific facts or evidence upon which you rely in making that denial, qualified admission, objection or other response.

**RESPONSE:** See response to Request for Admission No. 5.

## ALTERNATIVE REQUEST FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, if your answer to any of the foregoing requests for admission was anything other than an unqualified admission, please provide complete copies of all documents or exhibits that you claim support your denial, qualified admission, objection or other response, to include any documents that purport to be copies of the same material but feature a discrepancy with the documents referenced within these requests for admission.

**RESPONSE:** None.

## **VERIFICATION**

I verify under penalty of perjury that the foregoing answers are true and correct, to the best of my knowledge, information, and belief, based on reasonable inquiry.

<u>Dawn Odean Universal Preschool Program Director</u>
Name and Position

<u>10/30/2023</u>                                                                  <u>/s/ Dawn Odean</u>
Date                                                                                     Signature

5

Dated: October 30, 2023

PHILIP J. WEISER
Attorney General

/s/ *Virginia R. Carreno*
*Virginia R. Carreno,* Second Assistant Attorney General
*Grant T. Sullivan*, Assistant Solicitor General
*Ryan Lorch*, Senior Assistant Attorney General
*Nicole Rust*, Assistant Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6349
Email: virginia.carreno@coag.gov;
grant.sullivan@coag.gov;
ryan.lorch@coag.gov; niki.rust@coag.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I emailed the foregoing **DEFENDANTS' ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION** as follows:

Eric C. Rassbach
Joseph C. Davis
Nicholas R. Reaves
Mark L. Rienzi
Amanda Dixon
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. N.W., Suite 400
Washington, D.C. 20006
erassbach@becketlaw.org; jdavis@becketlaw.org; nreaves@becketlaw.org; mrienzi@becketlaw.org; adixon@becketlaw.org

*Attorneys for Plaintiffs*

*s/* Ryan K. Lorch
*Ryan K. Lorch*

6