# Exhibit 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ST. MARY CATHOLIC PARISH IN LITTLETON; ST. BERNADETTE CATHOLIC PARISH IN LAKEWOOD; DANIEL SHELEY; LISA SHELEY; and THE ARCHDIOCESE OF DENVER, <br><br> *Plaintiffs*, <br><br> v. <br><br> LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program, <br><br> *Defendants*. | Case No. 1:23-cv-2079-JLK <br><br><br> **PLAINTIFFS' SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs St. Mary Catholic Parish in Littleton, St. Bernadette Catholic Parish in Lakewood, Daniel Sheley, Lisa Sheley, and the Archdiocese of Denver, collectively "Plaintiffs," submit the following Answers to Interrogatories in writing and under oath.

Plaintiffs make this response without conceding the relevance or materiality of any Interrogatory and without prejudice to their right to object to admissibility at trial with respect to the subject matter of any Interrogatory. The word usage and sentence structure are that of the attorneys who drafted these responses and objections, and the language does not purport to be the exact language of the responding party.

Plaintiffs make certain general objections, incorporated by reference into the response made with respect to each Interrogatory as described below, with specific objections made on an individual basis to each Interrogatory below. These objections and responses are based on information currently known and reasonably available to Plaintiffs. These responses are made without prejudice to their right to rely on, at any time, including at trial, subsequently discovered

information or information omitted from this response as a result of mistake, error, oversight, or inadvertence. Plaintiffs will supplement these objections and responses if they learn of additional or different responsive information. No incidental or implied admissions are intended by these responses. The fact that they respond or make objections to any Interrogatory should not be taken as an admission that Plaintiffs accept or admit the existence of any "facts" set forth or assumed by such Interrogatory.

**GENERAL OBJECTIONS**

1.   Plaintiffs object to the Interrogatories to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Colorado.

2.   Plaintiffs object to the Interrogatories to the extent they seek disclosure of information or communications protected by any evidentiary privilege, including but not limited to the attorney-client privilege and the work product doctrine. Plaintiffs further object to these Interrogatories to the extent they seek information protected by any other applicable privilege or immunity, including those secured by the First Amendment to the U.S. Constitution. The inadvertent or unintentional disclosure by Plaintiffs of material or information covered by any privilege or immunity shall not be deemed a waiver of such protection.

3.   Plaintiffs object to the Interrogatories to the extent they seek information prohibited from disclosure by federal statutory and regulatory requirements, state and federal privacy laws, including but not limited to the federal Family Educational Rights and Privacy Act, 20 U.S.C. §§ 1232g *et seq*., and any other provision of law or court order prohibiting the disclosure of information or rendering information subject to confidentiality, as well as third-party confidentiality agreements.

4.   Plaintiffs object to the Interrogatories to the extent they seek information protected from disclosure by the federal Constitution, including but not limited to the First and Fourteenth Amendments, the Colorado constitution, or state and federal civil rights laws, including but not limited to the federal Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq*.

2

5.   Plaintiffs object to the Interrogatories to the extent they are overbroad, unduly burdensome, duplicative, and/or oppressive.

6.   Plaintiffs object to the Interrogatories to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third parties.

7.   Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to answer on behalf of non-parties.

8.   Plaintiffs object to the Interrogatories to the extent they purport to require them to provide information not within Plaintiffs' possession, custody, or control or already within any of the Defendants' possession, custody, or control.

9.   Plaintiffs object to the Interrogatories to the extent they are, or incorporate terms that are vague, ambiguous, impermissibly imprecise, or otherwise unintelligible.

10. Plaintiffs object to the Interrogatories to the extent they are directed to matters which are not relevant to the subject matter at issue in this action or not proportional to the needs of the case.

11. Plaintiffs object to the Interrogatories to the extent they seek legal conclusions and analysis.

12. Plaintiffs object to the use of responses produced pursuant to these Interrogatories for purposes beyond the scope of the above-captioned matter.

**INTERROGATORIES**

1.   Identify and describe all persons or entities assisting YOU in preparing responses to these Requests, including name, contact information (business or residential address, phone number, and email), and position and duties if associated with the Archdiocese of Denver, St. Mary, St. Bernadette, or any preschool under the control, direction, or supervision of the Archdiocese of Denver as described in paragraphs 99-100s of the First Amended Complaint and identified in Interrogatory 2.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs further object on the grounds that it is overly broad and unduly burdensome and not proportional to the needs of this case. Plaintiffs also object

to this interrogatory because it violates the work product doctrine. "[A]n interrogatory asking a party to identify all persons interviewed would contravene work product." 8 Wright, Marcus, & Miller, Fed. Prac. & Proc. Civ. § 2028 (3d ed.), Ch. 6, Rule 26, § (C) (2023); *United States v. Travelers Casualty & Surety Company of America*, 2023 WL 5275382 (D.N.M. 2023) (finding that interrogatory asking for names of individuals who assisted with answering interrogatories was both a violation of work product and irrelevant). Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that Elias Moo, Tracy Seul, and Avery Coats assisted in the preparation of these discovery responses, and that to the extent Defendants seek information relevant to the claims and defenses in this case, the organizational Plaintiffs will designate corporate witnesses to testify regarding the facts in this lawsuit pertaining to them. All these individuals may be contacted through counsel for Plaintiffs.

2.   Identify each preschool under the control, direction, or supervision of the Archdiocese of Denver as described in paragraphs 99-100 of the First Amended Complaint. For each school, please identify the relevant manager, director, principal, or other individual that oversees the day-to-day operations of each of the preschools identified, including the relevant manager, director, principal, or individual's name, address, phone number, email address, and other contact information of the individual.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that the following preschools are under the control, direction, or supervision of the Archdiocese of Denver as described in paragraph 99-100 of the First Amended Complaint:

All Souls Catholic School
Annunciation Catholic School
Assumption Catholic School
Blessed Sacrament Catholic School
Christ the King Roman Catholic School
Frassati Catholic Academy
Good Shepherd Catholic School

4

Guardian Angels Catholic School
Blessed Miguel Pro Catholic Academy
Nativity: Faith & Reason Catholic School
Notre Dame Catholic School
Our Lady of Fatima Catholic School
Our Lady of Loreto Catholic School
Our Lady of Lourdes Catholic Classical Academy - North Campus
Our Lady of Lourdes Catholic Classical Academy - South Campus
Sacred Heart of Jesus Catholic School
Wellspring Catholic Academy at St. Bernadette
St. James Catholic School
St. John the Baptist Catholic School
St. John the Evangelist Catholic School
St. Joseph Catholic School
St. Louis Catholic School
St. Mary Catholic School, Greeley
St. Mary Catholic School, Littleton
St. Pius X Catholic School
St. Rose of Lima Catholic Academy
St. Stephen Catholic School
St. Therese Catholic School
St. Thomas More Catholic School
St. Vincent de Paul Catholic School
Sts. Peter and Paul Catholic School
Holy Name Preschool
Most Precious Blood ELC
St. Joan of Arc ELC
St. Mary's Preschool
St. Michael the Archangel

Counsel for Plaintiffs does not represent each Archdiocesan preschool; preschool directors at the above listed schools, however, may be contacted through counsel for Plaintiffs. A list of the contact information for each preschool is provided at Document Bates #: PL_0003800-81.

3.  Identify and describe any instance since January 1, 2018 in which YOU have denied an applicant's request, or a request from their family or guardian, to enroll in YOUR preschool because of the applicant's sexuality, sexual identity, sexual orientation, gender identity, religious beliefs or the sexuality, sexual identity, sexual orientation, gender identity, or religious beliefs of the applicant's family members or guardians, including but not limited to the factual circumstances involved, the approximate date of YOUR denial, the age of the applicant, and the name, address,

phone number, email address, and other contact information of the applicant and their family members or guardians.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that they are not aware of any instances since January 1, 2018, in which they have denied an applicant's request, or a request from their family or guardian, to enroll in preschool because of the applicant's sexuality, sexual identity, sexual orientation, gender identity, religious beliefs or the sexuality, sexual identity, sexual orientation, gender identity, or religious beliefs of the applicant's family members or guardians.

4.   Identify and describe any instance since January 1, 2018 in which YOU have denied an enrolled preschool student's request, or a request from the student's family or guardian, for an accommodation regarding the student's pronouns, use of bathroom facilities, or school uniform, including but not limited to the factual circumstances involved, the approximate date of the denial, the age of the student, and the name, address, phone number, email address, and other contact information of the student and the student's family members or guardians.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that they are not aware of any instances since January 1, 2018, in which they have denied an enrolled preschool student's request, or a request from the student's family or guardian, for an accommodation regarding the student's pronouns, use of bathroom facilities, or school uniform.

5.   Identify and describe any instance since January 1, 2018 in which YOU have denied a prospective employee's employment application or request for employment or have taken an adverse action against an employee because of the prospective employee's or employee's

sexuality, sexual identity, sexual orientation, gender identity, or religious beliefs, including but not limited to the factual circumstances involved, the approximate date of the denial or adverse action, and the name, address, phone number, email address, and other contact information of the prospective employee or employee.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that they are not aware of any instances since January 1, 2018, in which they have taken an adverse action against an employee because of the prospective employee's or employee's sexuality, sexual identity, sexual orientation, gender identity, or religious beliefs.

6.   Identify all individuals who played a role in the decision-making process leading to the Archdiocese of Denver's instruction to its Catholic parishes and Catholic preschools to not sign the UPK program agreement. Include each individual's name, address, phone number, email address, and other contact information of the individual, as well as a description of the individual's role in the decision-making process.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. A list of who participated in the Archdiocese's religious decision-making regarding the application of its religious beliefs to an Agreement which both facially and in application violates the Archdiocese's publicly stated religious beliefs has no relevance to the claims or defenses in this case or to the sincerity of Plaintiffs' religious beliefs. Plaintiffs further object on the grounds that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs further object on the grounds that the Archdiocese's Statement of Community Beliefs and Guidance for Issues Concerning the Human Person and Sexual Identity speak for themselves. Plaintiffs further object on the grounds that the phrase "played a role in the decision-making process" is not defined and is vague, ambiguous, and without reasonable particularity. Plaintiffs further object on the basis that the U.S. Constitution

7

independently limits discovery when it would impinge on freedoms guaranteed by the First Amendment. The First Amendment's protection of church autonomy prevents inquiries into internal church governance, doctrine, and religious discipline. Here, a detailed identification and description in a judicial proceeding of all persons involved in the Archdiocese's internal religious deliberations would impinge on the Archdiocese's right to conduct its own internal affairs free from government intrusion. A "detailed review of the evidence" regarding internal church governance and procedures is "impermissible" under the First Amendment. *See Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 717-18 (1976). Courts must "refrain from trolling through a person's or institution's religious beliefs." *Colo. Christian Univ. v. Weaver*, 534 F.3d 1245, 1261 (10th Cir. 2008) (quoting *Mitchell v. Helms*, 530 U.S. 793, 828 (2000)). "[I]nternal deliberations" regarding church law and doctrine are at the core of that prohibition and should remain "intact from ordinary discovery." *Whole Woman's Health v. Smith*, 896 F.3d 362, 372, 374 (5th Cir. 2018). Without waiving any objections, Plaintiffs respond that Superintendent Elias Moo and Archbishop Samuel J. Aquila played a role in the decision-making process. Both can be contacted through counsel for Plaintiffs.

7.   Identify all federal, state, or local grants, funding, reimbursements, or awards YOU or any preschool identified in Interrogatory 2 received since January 1, 2018 related to the education programs or operations of any of school, preschool or otherwise, under the control or direction of the Archdiocese of Denver as described in paragraphs 99-100 of the First Amended Complaint and as identified in Interrogatory 2 including, but not limited to, St. Mary and St. Bernadette. Federal, state, and local grants, funding, reimbursements, or awards may include those received through programs such as the Denver Preschool Program, the UPK program, the Colorado Child Care Assistance Program, and American Rescue Plan Act assistance.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs object to the extent this question seeks information already within Defendants' possession and control, including information about

grants or other funding received from or through the Department of Early Childhood. Plaintiffs object that this request in unduly burdensome, overbroad, and not proportional to the needs of this case. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that, to the best of their knowledge, they have received the following:

> EANS/GEANS Stability Grants
>
> Health and Mental Health Grants
>
> Denver Preschool Program
>
> Paycheck Protection Program
>
> Colorado Shines Quality Improvement Program, Quality Incentive Merit Awards
>
> Colorado Child Care Assistance Program for Families

8.  For each federal, state, or local grant, funding, reimbursement, or award identified in Interrogatory 7, identify the total amount of money received as a result of that grant, funding, reimbursement, or award.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to the extent this question seeks information already within Defendants' possession and control, including information about grants or other funding received from or through the Department of Early Childhood. Plaintiffs object that this request in unduly burdensome, overbroad, and not proportional to the needs of this case. Plaintiffs also incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that, to the best of their knowledge, they have received the following grants award amounts. With regard to the amount of CCCAP and DPP funding Plaintiffs have received, Plaintiffs are unable to determine with reasonable effort the total amount of reimbursements received over the past five years based on information within their possession, custody, or control.

> EANS/GEANS Stability Grants: $80,000
>
> Health and Mental Health Grants: $9,000
>
> Paycheck Protection Program: $90,700
>
> Colorado Shines Quality Improvement Program, Quality Incentive Merit Award: $4,000

9.  Identify all individuals associated with YOU or any of the preschools identified in Interrogatory 2 that participated in the Faith-Based Working Group. Include each individual's name, address, phone number, email address, and other contact information of the individual.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that Tracy Seul participated in the Faith-Based Working Group. Seul may be contacted via counsel for Plaintiffs.

10. Define and explain what YOU mean by the term "parishioner" as used in paragraphs 60 and 84 of the Amended Complaint.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs object to this interrogatory to the extent it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that "parishioner" as used in paragraphs 60 and 84 of the Amended Complaint refers to Catholic individuals residing within the geographic boundaries of a parish or who have registered with the parish, typically by submitting basic demographic information to the parish's office.

11. Identify and list for St. Mary and St. Bernadette, how many 4-year-old students have been enrolled at each preschool for each year since August 2013, including a breakdown of how many of those students were siblings of other students enrolled in the school or parishioners of the same parish as the school.

**ANSWER**: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense. Plaintiffs further object on the grounds that it is overly broad, not proportional to the needs of the case, and unduly burdensome. Plaintiffs also incorporate here the General Objections. Without waiving any objections, Plaintiffs respond that St. Mary's and St. Bernadette's have recently upgraded their student records software and accordingly have limited information regarding student enrollment prior to this upgrade. Accordingly, Plaintiffs

provide the following information, which represents all the information they were able to compile in response to this Interrogatory after a diligent search of their records:

**<u>St. Mary's:</u>**

2023: 56 enrolled; 35 with siblings; 38 parishioners.

2022: 60 enrolled; 33 with siblings; 33 parishioners.

2021: 38 enrolled; 24 with siblings; 23 parishioners.

2020: 36 enrolled; 19 with siblings; 16 parishioners.

**<u>Wellspring Catholic Academy:</u>**

2023: 6 enrolled; 6 with siblings; 1 parishioner.

2022: 11 enrolled; 5 with siblings; 2 parishioners.

2021: 21 enrolled; 13 with siblings; 4 parishioners.

2020: 9 enrolled; 3 with siblings; 5 parishioners.

2019: 12 enrolled; 0 with siblings; 7 parishioners.

## **<u>VERIFICATION</u>**

I verify under penalty of perjury that the foregoing answers are true and correct, to the best of my knowledge, information, and belief, based on reasonable inquiry.

<u>Elias Moo, Superintendent of Catholic School at the</u>
<u>Archdiocese of Denver</u>
Name and Position

Date: November 9, 2023

Signature

Dated: November 9, 2023

Respectfully submitted,

/s/ Eric C. Rassbach
Eric C. Rassbach
Mark L. Rienzi
Joseph C. Davis
Nicholas R. Reaves
Amanda Dixon*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
erassbach@becketlaw.org

* Not admitted to the D.C. Bar; admitted
only in North Carolina. Practice limited to
cases in federal court. Supervised by
licensed D.C. Bar members.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing was served on all other parties by email addressed to their counsel of record as follows:

*Attorneys for Defendant:*

Grant T. Sullivan
Nicole Siobhan Rust
Ryan K. Lorch
Virginia R. Carreno
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
grant.sullivan@coag.gov
niki.rust@coag.gov
ryan.lorch@coag.gov
virginia.carreno@coag.gov

Dated: November 9, 2023

<u>/s/ Eric C. Rassbach</u>
Eric C. Rassbach

14